STATE of North Dakota, Plaintiff and Appellee,

v.

James William MURPHY, Defendant and Appellant.

Cr. No. 940195.

Supreme Court of North Dakota.

Feb. 8, 1995.

Donald T. Campbell, third year law student, and Alan Scott Dohrmann (appearance), Asst. State's Atty. for Grand Forks County, Fargo, for plaintiff and appellee.

Robert J. Woods, of Woods Legal Services, Forest River, for defendant and appellant.

SANDSTROM, Justice.

James W. Murphy has appealed a county court judgment of conviction entered upon a jury verdict finding him guilty of driving under the influence of intoxicating liquor. Murphy contends the trial court should have instructed the jury he had an absolute right to refuse a chemical test. We affirm.

## I

On June 14, 1993, a North Dakota Highway Patrol officer observed Murphy driving a vehicle with a defective taillight. When Murphy got out of his vehicle after parking near a bar, he was approached by the officer, who observed that Murphy had a strong odor of alcohol on his breath, had bloodshot eyes, and moved slowly. Murphy admitted consuming six beers. Murphy satisfactorily performed an alphabet test, but failed a counting test, and refused further field sobriety testing. Murphy was arrested for driving under the influence and refused to submit to an Intoxilyzer test.

The trial court refused to give Murphy's requested instruction on his statutory right to refuse to submit to chemical testing for blood alcohol content. The court gave no other instruction on the right to refuse a chemical test and did not instruct the jury it might consider the fact of Murphy's refusal in deciding his guilt or innocence. The jury found Murphy guilty of driving under the influence. Murphy appealed.

The appeal was timely under Rule 4(b), N.D.R.App.P. This Court has jurisdiction under Art. VI, § 2, N.D. Const.; N.D.C.C. § 29–28–06(2); and N.D.C.C. § 27–07.1–21. The county court had jurisdiction under Art. VI, § 1, N.D. Const.; N.D.C.C. § 39–08–01; and N.D.C.C. § 27–07.1–17.

## II

Murphy contends the trial court committed reversible error in failing to instruct the jury on his statutory right to refuse to submit to a chemical test.[1] Under Rule 30(c), N.D.R.Crim.P., a failure to object to instructions, when given an opportunity to do so, waives the right to complain on appeal of instructions that either were or were not given, and limits our inquiry to determining if the alleged error constitutes obvious error affecting substantial rights. *State v. McNair*, 491 N.W.2d 397, 399 (N.D.1992).

### A

The record before us does not show if the procedure prescribed by Rule 30(c), N.D.R.Crim.P., was followed. In its brief, the State asserted Murphy was given an opportunity to object to the trial court's instructions and its refusal to give Murphy's requested instruction, and did not object. Murphy did not file a reply brief disputing the State's assertion. During oral argument, however, Murphy asserted it was obvious error to refuse his requested instruction. We conclude it was not obvious error to refuse to give Murphy's requested instruction.

The operator of a motor vehicle on a highway or area to which the public has a right of access for vehicular use is deemed to have consented to a chemical test to determine the alcohol content of his blood if arrested for driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor. N.D.C.C. § 39–20–01. Drivers may refuse to submit to chemical testing. N.D.C.C. § 39–20–04. Allowing

---

1. Murphy raised an additional issue in his brief, but withdrew it at oral argument.

drivers to refuse testing is a matter of legislative grace. *South Dakota v. Neville,* 459 U.S. 553, 559–60, 103 S.Ct. 916, 920, 74 L.Ed.2d 748, 756 (1983); *State v. Murphy,* 516 N.W.2d 285, 287 (N.D.1994). "[T]he State wants [a driver] to choose to take the test, for the inference of intoxication arising from a positive blood-alcohol test is far stronger than that arising from a refusal to take the test." *Neville,* 459 U.S. at 564, 103 S.Ct. at 922, 74 L.Ed.2d at 759. A state may, therefore, attach penalties to a driver's choice to refuse testing. *Neville.* Our Legislature has attached penalties to an arrested driver's refusal to submit to testing. *See* N.D.C.C. § 39–20–04 (refusal to submit to testing may result in revocation of a person's license or permit to drive for a period of up to three years); N.D.C.C. § 39–20–08 (proof of refusal to submit to testing is admissible in civil or criminal actions).

In *Murphy,* the trial court gave the following instruction:

> " 'A person has a right under North Dakota law to refuse to submit to a chemical test for blood alcohol evaluation. Evidence regarding the fact that a chemical test for intoxication is refused to be taken by the Defendant is not sufficient, standing alone and by itself, to establish the guilt of the Defendant, but is a fact which, if proven, may be considered by you in light of all other proven facts in deciding the question of guilt or innocence.' "

*Murphy* at 286. We held the instruction "properly apprised the jury of the state of the law." *Murphy* at 287.

In this case, Murphy asked the trial court to give the following instruction to the jury:

> *"RIGHT OF DRIVER TO REFUSE TO SUBMIT TO CHEMICAL TEST*
>
> "Under North Dakota law, a person has an absolute right to refuse to submit to a chemical test for blood alcohol analysis. If a person refuses to submit to such testing, none may be given."

█ "The purpose of jury instructions is to apprise the jury of the state of the law." *Murphy* at 286. Murphy's requested instruction was incomplete and was not a correct statement of the law. It "conflicts with our reading of the implied consent law." *Murphy* at 287. Contrary to Murphy's requested instruction, a person does not have "an absolute right to refuse to submit to a chemical test for blood alcohol analysis." A driver has only a conditional right to refuse a chemical test. Among the conditions imposed upon the exercise of one's right to refuse a chemical test are the revocation of the person's license or permit to drive a vehicle and the admission in evidence of proof of refusal in civil or criminal actions. We conclude the trial court did not err in refusing to give the instruction requested by Murphy.

B

We also conclude the trial court did not err in failing to give any other instruction on a driver's right to refuse to submit to a chemical test for blood alcohol content. "It is the duty of the court to correctly advise the jury on the law of the case." *State v. Reich,* 298 N.W.2d 468, 471 (N.D.1980). However, under Rule 30, N.D.R.Crim.P., "the attorneys have the professional responsibility to request or object to specific instructions." *State v. Allery,* 322 N.W.2d 228, 232 n. 3 (N.D.1982). As the Supreme Court of Dakota Territory said long ago:

> "It is undoubtedly the duty of the judge to give full instructions to the jury, covering the entire law of the case as respects all the facts proved or claimed by the respective counsel to be proved. Still, if he omits something, and is not asked to supply the defect, the party who remained silent cannot complain."

*Territory v. Bannigan,* 1 Dak. 451, 469, 46 N.W. 597, 601 (1877).

Murphy requested an incorrect instruction, has not shown he objected to the trial court's refusal to give his requested instruction or to the court's failure to give any other instruction about his statutory right to refuse to submit to a chemical test of his blood alcohol level, and is in no position to complain unless this was obvious error.

Rule 52(b), N.D.R.Crim.P., says:

> *"(b) Obvious Error.* Obvious errors or defects affecting substantial rights may be

noticed although they were not brought to the attention of the court."

We exercise our power to notice obvious error cautiously and only in " 'exceptional situations where the defendant has suffered serious injury.' " *State v. Zimmerman*, 524 N.W.2d 111, 116 (N.D.1994), quoting *State v. Smuda*, 419 N.W.2d 166, 168 (N.D.1988). "Only constitutional error that is 'egregious' and 'grave' is subject to the obvious error rule. *See United States v. Agnew*, 931 F.2d 1397, 1407 (10th Cir.1991)." *State v. Tweed*, 491 N.W.2d 412, 420 (N.D.1992). "Not surprisingly, the obviousness of an alleged error plays a major role in our determination of whether there is obvious error. *E.g., United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982); *United States v. Blackwell*, 694 F.2d 1325, 1341 (D.C.Cir.1982)." *Tweed.* This is not a case of obvious error.

### III

The judgment of the trial court is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.