2015 ND 237

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Steven James MONTPLAISIR, Defendant and Appellant.**

No. 20140459.

Supreme Court of North Dakota.

Sept. 17, 2015.

Renata June Olafson Selzer, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Jonathan T. Garaas, Fargo, N.D., for defendant and appellant.

McEVERS, Justice.

[¶ 1] Steven J. Montplaisir appeals from a criminal judgment entered after a jury found him guilty of criminal vehicular injury. Montplaisir argues the criminal information was deficient, the criminal ve-

hicular injury statute is unconstitutionally vague, the jury instructions were improper, and the evidence was insufficient to find him guilty. We affirm, concluding Montplaisir had proper notice of the charges against him, the criminal vehicular injury statute is not vague, the jury was properly instructed, there was sufficient evidence to find him guilty, and the district court did not abuse its discretion in imposing the statutory mandatory minimum sentence.

I

[¶2] On September 20, 2013, a motorcycle stopped at an intersection in Fargo was struck from behind by a pickup driven by Montplaisir. A Fargo police officer was also stopped at the intersection and observed the victim jumping around and screaming. The officer noticed Montplaisir had the strong odor of alcohol and slurred speech. Another officer arrived at the scene to investigate Montplaisir for driving under the influence. Montplaisir failed field sobriety tests and laboratory results indicated he had a blood alcohol concentration of 0.217 percent. Montplaisir was arrested and charged with criminal vehicular injury, a class C felony. The criminal information alleged Montplaisir drove a vehicle while under the influence of alcohol and, as a result, he caused substantial bodily or serious bodily injury to another individual.

[¶3] The victim was initially treated at Essentia Hospital for pain to his leg and ankles, and a cut to his leg requiring stitches. Following the accident, the victim made additional visits to the emergency room reporting continued severe pain in his leg. One of his leg wounds became infected and he also complained of having neck and back discomfort.

[¶4] Before the preliminary hearing, Montplaisir submitted a brief arguing the criminal information was deficient. Specifically, he argued he did not cause a substantial or serious bodily injury to the victim, one of the essential elements of criminal vehicular injury. The State responded with a brief providing a more detailed factual background of the accident. The State's brief also described some of the victim's injuries to his leg and stated it would provide more details at the preliminary hearing. After hearing testimony at the preliminary hearing from the victim and one of the police officers responding to the accident, the district court found probable cause existed to bind Montplaisir over for trial on the charge of criminal vehicular injury.

[¶5] After the preliminary hearing, Montplaisir moved to dismiss the information arguing, as a matter of law, the victim's injury was not serious or substantial, and the criminal vehicular injury statute is unconstitutionally vague and overbroad. The court denied his motions, concluding the statute was not unconstitutionally vague or overbroad, and whether the victim's injury was serious or substantial was a question for the jury.

[¶6] At trial in November 2014, the State's witnesses included the victim and two doctors who treated him following the accident. The victim's medical records were also admitted into evidence. Montplaisir moved for a judgment of acquittal under N.D.R.Crim.P. 29 at the conclusion of the State's case, arguing there was no evidence the victim suffered a substantial or serious bodily injury. The court denied the motion. After the conclusion of Montplaisir's case, he requested a jury instruction on culpability and an instruction on the legal definitions of "serious bodily injury" and "substantial bodily injury." The district court denied Montplaisir's requests, and a jury found him guilty. The court sentenced Montplaisir to one year in

prison and 18 months of supervised probation following his release from prison.

## II

[¶ 7] Montplaisir argues the district court made numerous errors in the pretrial and trial stages of the proceedings. Much of Montplaisir's argument centers around the phrase "substantial bodily or serious bodily injury" as it is used in N.D.C.C. § 39–08–01.2(2). Montplaisir first argues the court erred in not dismissing a deficient information, and the State presented insufficient evidence at the preliminary hearing.

### A

[¶ 8] Montplaisir argues the district court erred in failing to dismiss the criminal information because the information did not describe the nature of the victim's injuries; it only states the victim suffered substantial or serious bodily injury. He argues the information asserts only legal conclusions of substantial or serious bodily injury to the victim, without describing the nature of any injury.

[¶ 9] Under N.D.R.Crim.P. 7(c)(1), an information must contain "a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged." An information is adequate if it is "sufficiently specific to provide the defendant with notice of the pending charges to enable the defendant to prepare a defense." *State v. Bertram*, 2006 ND 10, ¶ 23, 708 N.W.2d 913. Generally, an information is sufficient if it sets forth the offense in the words of the statute. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

[¶ 10] Nearly 40 years ago, this Court addressed an argument regarding an insufficient information:

In these days of broadening pretrial discovery in criminal cases, open or almost completely open prosecutorial files, and availability of omnibus hearings and pretrial conferences, it would be almost anachronistic to reverse a conviction because the language of the information or indictment is insufficiently detailed.

When the prosecutor's files are generally open to the defense, when motions for discovery and for bills of particulars may be made, it would be most surprising if the defendant and his attorney were unaware prior to trial of the claims of the prosecution ... and the facts upon which the prosecution relies.

*State v. Motsko*, 261 N.W.2d 860, 864 (N.D. 1977) (internal citations omitted).

[¶ 11] Here, the information charging Montplaisir with criminal vehicular injury under N.D.C.C. § 39–08–01.2(2) stated:

[On] September 20, 2013: [t]he Defendant operated a vehicle while under the influence of alcohol and as a result he caused substantial bodily or serious bodily injury to another individual to-wit: that on or about the above-stated date, the defendant ... drove a vehicle in Fargo, ... when at the time the defendant was under the influence of intoxicating liquor or had an alcohol concentration of at least .08% by weight at the time of the performance of a chemical test within two hours after driving and as a result caused substantial or serious bodily injury to [the victim].

[¶ 12] The criminal vehicular injury statute, N.D.C.C. § 39–08–01.2(2), provides in relevant part:

An individual is guilty of criminal vehicular injury if the individual violates section 39–08–01 or equivalent ordinance and as a result that individual causes substantial bodily or serious bodily injury to another individual.

[¶ 13]   The information tracked the language of N.D.C.C. § 39–08–01.2(2) by alleging Montplaisir drove under the influence of alcohol, a violation of N.D.C.C. § 39–08–01, and caused substantial or serious bodily injury to another individual. Additionally, as mentioned above, the State filed a brief responding to Montplaisir's brief filed before the preliminary hearing, which described the nature of the accident and the victim's injuries.   The State also provided Montplaisir with the victim's relevant medical records before the preliminary hearing.   We conclude Montplaisir had proper notice of the pending charges against him allowing him to prepare a defense.   The district court did not err by failing to dismiss the information.

## B

[¶ 14]   Montplaisir argues the district court erred in finding probable cause to bind him over for trial because the State presented insufficient evidence of "serious bodily injury" or "substantial bodily injury" at the preliminary hearing.   It is unnecessary to decide whether the district court erred when it found probable cause existed to bind Montplaisir over for trial, because that issue became moot when Montplaisir was found guilty at trial.

[¶ 15]   In *Kartes v. Kartes,* 2013 ND 106, ¶ 18, 831 N.W.2d 731, we held that any issue regarding the evidentiary basis for a district court's decision that a prima facie case has been established under N.D.C.C. § 14–09–06.6(4) justifying a modification of primary residential responsibility. is rendered moot once the evidentiary hearing is held.   We also discussed how the prima facie case requirement in N.D.C.C. § 14–09–06.6(4) is similar to a preliminary hearing in a criminal case and a motion for summary judgment dismissal in a civil case.   *Id.* at ¶ 13.   Regarding those preliminary matters, we stated "it is generally held that the question of the adequacy of the preliminary showing is rendered moot when the case proceeds to trial and is resolved upon the merits."   *Id.*

[¶ 16]   ,Although we discussed and noted that "courts in other jurisdictions have held that any question whether probable cause was established at the preliminary hearing is rendered moot if the defendant is convicted after a trial," our holding in *Kartes* has not been specifically applied to a preliminary hearing in a criminal case. , *Id.* at ¶ 14.   Here, we extend our holding in *Kartes* to criminal cases and conclude that a district court's decision at a preliminary hearing that probable cause. existed to bind a defendant over for trial is rendered moot once the trial is held.   A defendant who is found guilty at trial may not, on appeal, challenge the district court's decision on probable cause at the preliminary hearing.   Therefore, we need not address Montplaisir's argument alleging the district court erred in finding probable cause existed to bind him over for trial.

## III

[¶ 17]   Montplaisir argues   N.D.C.C. § 39–08–01.2(2) is unconstitutionally vague and overbroad.   Montplaisir argues the word "bodily" as used in the statute refers to a person's trunk and does not include the head or limbs.   He also argues the phrase "substantial bodily or serious bodily injury" as used in the statute is vague. We are not persuaded by Montplaisir's arguments.

## A

[¶ 18]   Montplaisir argues the victim injured his leg and, therefore, did not suffer a· bodily injury.   Montplaisir quotes the definitions of "bodily" and "body" from *The New Lexicon Webster's Dictionary of*

*the English Language, Encyclopedic Edition,* (1989):

> bodily—"pertaining to the body"
>
> body—"the physical substance of a man or animal" or "a corpse" or "the trunk"

Montplaisir argues "body" means "the trunk" and does not include the head or limbs. In addressing his argument, the district court stated:

> Montplaisir first argues that "bodily" is too broad since the common knowledge definition would include only the trunk of the body and no appendages. Since the injury in this case occurred on the victim's leg, Montplaisir argues that injury does not fall under the statute. This argument does not follow common sense and logic and if followed would have absurd consequences. For instance, a victim would be able to have an entire appendage cut off and, under Montplaisir's reasoning, that injury would not qualify as a serious bodily injury under North Dakota law. This argument is without merit.

[¶ 19] This Court construes terms of a statute to avoid an illogical or absurd result. *Keller v. N.D. Dep't of Transp.,* 2015 ND 9, ¶ 7, 858 N.W.2d 316. While one of the definitions of "body" is "the trunk," it is also defined as "the physical substance of a man or animal," which includes the head and limbs. We concur with the district court's analysis and conclude Montplaisir's definition of "body" would lead to absurd and illogical results.

## B

[¶ 20] Montplaisir argues the phrase "substantial bodily or serious bodily injury" as used in N.D.C.C. § 39–08–01.2(2) is unconstitutionally vague, because the phrase does not have a common meaning. This Court has summarized the vagueness doctrine:

> "All laws must meet two requirements to survive a void-for-vagueness challenge: (1) the law must create minimum guidelines for the reasonable police officer, judge, or jury charged with enforcement of the statute; and (2) the law must provide a reasonable person with adequate and fair warning of the proscribed conduct."

*State v. Brown,* 2009 ND 150, ¶ 33, 771 N.W.2d 267 (quoting *City of Belfield v. Kilkenny,* 2007 ND 44, ¶ 10, 729 N.W.2d 120). "A statute is not unconstitutionally vague 'if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law.'" *State v. Holbach,* 2009 ND 37, ¶ 24, 763 N.W.2d 761 (quoting *In re Disciplinary Action Against McGuire,* 2004 ND 171, ¶ 19, 685 N.W.2d 748). This Court will review the statute to determine if the two requirements are clear under a reasonable person standard. *Brown,* at ¶ 33.

[¶ 21] Before July 1, 2013, N.D.C.C. § 39–08–01.2(2) stated:

> If an individual is convicted of violating section 39–08–01, or section 39–08–03 based in part on the evidence of the individual's operation of a motor vehicle while under the influence of alcohol or drugs, and the violation caused *serious bodily injury, as defined in section 12.1–01–04,* to another individual, that individual is guilty of a class A misdemeanor and the sentence must include at least ninety days' imprisonment if the individual was an adult at the time of the offense.

(emphasis added). The current version of N.D.C.C. § 39–08–01.2(2) states in relevant part:

> An individual is guilty of criminal vehicular injury if the individual violates sec-

tion 39–08–01 or equivalent ordinance and as a result that individual causes substantial bodily or serious bodily injury to another individual.

[¶ 22] As part of his constitutional argument, Montplaisir argues "substantial bodily or serious bodily injury" is not defined in N.D.C.C. Title 39, and the district court erred in using the definitions of "substantial bodily injury" and "serious bodily injury" under N.D.C.C. § 12.1–01–04 in its order denying Montplaisir's motions to dismiss. Montplaisir argues removal of the phrase "serious bodily injury, as defined in section 12.1–01–04" from N.D.C.C. § 39–08–01.2(2) meant the Legislature intended to prohibit the use of N.D.C.C. Title 12.1 definitions in the criminal vehicular injury statute.

[¶ 23] "Serious bodily injury" and "substantial bodily injury" are not defined in N.D.C.C. Title 39. "Serious bodily injury" and "substantial bodily injury" are defined in N.D.C.C. §§ 12.1–01–04(29) and 12.1–01–04(31):

"Serious bodily injury" means bodily injury that creates a substantial risk of death or which causes serious permanent disfigurement, unconsciousness, extreme pain, permanent loss or impairment of the function of any bodily member or organ, a bone fracture, or impediment of air flow or blood flow to the brain or lungs.

"Substantial bodily injury" means a substantial temporary disfigurement, loss, or impairment of the function of any bodily member or organ.

[¶ 24] Under N.D.C.C. § 1–01–09, "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears." *See also State v. Glaser*, 2015 ND 31, ¶ 13, 858

N.W.2d 920. The legislative history is silent regarding the removal of the phrase "serious bodily injury, as defined in section 12.1–01–04" from N.D.C.C. § 39–08–01.2(2). Although the N.D.C.C. § 12.1–01–04 definition of "serious bodily injury" was removed from N.D.C.C. § 39–08–01.2(2), the legislative history does not plainly indicate the intent was to prohibit the use of that definition. Removing the N.D.C.C. § 12.1–01–04 definition of "serious bodily injury" from N.D.C.C. § 39–08–01.2(2) allows a court or jury to look to other accepted definitions of "serious bodily injury" in addition to the N.D.C.C. § 12.1–01–04 definition. *See Thompson v. Olson*, 2006 ND 54, ¶ 30, 711 N.W.2d 226 (Sandstrom, J., dissenting) (discussing the definition of "serious bodily injury" in the context of domestic violence, stating: "[t]he drafters considered including the definition [of 'serious bodily injury' from N.D.C.C. § 12.1–01–04] in the bill but decided not to so the statute would not be exclusively limited to that definition and the court [could] look to other accepted definitions."). The legislative history's silence on the removal of the N.D.C.C. § 12.1–01–04 definition of "serious bodily injury" from N.D.C.C. § 39–08–01.2(2) is indicative of an intent that the criminal vehicular statute not be exclusively limited to the definition of "serious bodily injury" under N.D.C.C. § 12.1–01–04. In other words, the modification broadened what the district court could consider in defining the phrase, rather than prohibit the use of the statutory definition under N.D.C.C. § 12.1–01–04 as argued by Montplaisir. We conclude the district court did not err in using the definitions of "serious bodily injury" and "substantial bodily injury" from N.D.C.C. Title 12.1 in addressing Montplaisir's constitutional arguments in his motions to dismiss.

[¶ 25] In addition to the definition in N.D.C.C. § 12.1–01–04(29), "serious bodily injury" is defined in other sources. Black's Law Dictionary defines "serious bodily injury" as "[s]erious physical impairment of the human body; esp., bodily injury that creates a substantial risk of death or that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ." *Black's Law Dictionary* 857 (9th ed.2009). The term is also defined in nearly every state criminal code. *See* Francis X. Shen, *Mind, Body, and the Criminal Law*, 97 Minn. L.Rev.2036, 2121–2158 (2013) (Table A2, defining "serious bodily injury" by state).

[¶ 26] In addressing Montplaisir's vagueness argument, the district court stated:

> Given these definitions [of "substantial bodily injury" and "serious bodily injury"], and the plain ordinary meaning of the two phrases, there is no reason to believe that the statute is overbroad or that a jury would be unable to adequately understand the phrases and terms in the Criminal Vehicular Injury statute.

[¶ 27] Other courts have also held the phrases "serious bodily injury" and "substantial bodily injury" are not unconstitutionally vague. *See United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir.1989) ("serious bodily injury" language in federal assault statute, 18 U.S.C. § 113(f), not unconstitutionally vague); *State v. Salt*, 2015 UT App 72, ¶¶ 23–25, 347 P.3d 414 (holding aggravated assault statute, which uses the phrases "substantial bodily injury" and "serious bodily injury," not unconstitutionally vague); *State v. Crouser*, 81 Hawai'i 5, 911 P.2d 725, 734–35 (1996) (holding "substantial bodily injury" as used in statute on justifiable use of force on another not unconstitutionally vague); *Brewster v. Commonwealth*, 23 Va.App. 354, 477 S.E.2d

288, 289 (1996) (holding the phrase "serious bodily injury" not unconstitutionally vague); *Teubner v. Texas*, 742 S.W.2d 57, 58–59 (Tex.Ct.App.1987) (holding language in injury to a child statute prohibiting infliction of "serious bodily injury" not unconstitutionally vague); *People v. Jackson*, 194 Colo. 93, 570 P.2d 527, 528 (1977) ("We see nothing vague in the definition of 'serious bodily injury.' We believe it obvious to a juror that 'serious bodily injury' has as a threshold requirement a greater degree of intended injury than 'bodily injury.' ").

[¶ 28] Given the established definitions of "serious bodily injury" and "substantial bodily injury," along with other courts' holdings regarding the phrases, we conclude N.D.C.C. § 39–08–01.2(2) is not unconstitutionally vague. The legislature has defined "substantial bodily injury" and "serious bodily injury." The phrases and their definitions are understandable to a reasonable person, and provide adequate warning of the conduct prohibited under the criminal vehicular injury statute.

## IV

[¶ 29] Montplaisir argues the district court erred in denying his jury instruction requests. This Court reviews jury instructions as a whole and considers whether they correctly and adequately advise the jury of the law. *State v. Brossart*, 2015 ND 1, ¶ 16, 858 N.W.2d 275. The district court is not required to give instructions using the specific language the defendant requests, and may refuse to give a requested instruction if it is irrelevant or does not apply. *Id.*

[¶ 30] Montplaisir argues the instructions should have included his requested definitions of "substantial bodily injury" and "serious bodily injury," instead of the definitions found in N.D.C.C. § 12.1–01–04. This argument is rejected on

the basis of our discussion in Part III.B. of this opinion. The district court did not err by instructing the jury on the definitions of "substantial bodily injury" and "serious bodily injury" found in N.D.C.C. § 12.1–01–04.

[¶ 31] Montplaisir also argues the district court erred in failing to instruct the jury on culpability. He asserts the State had to prove he acted willfully to be guilty of criminal vehicular injury, and argues there was no evidence he had any intent to injure.

[¶ 32] Under N.D.C.C. § 12.1–02–02(2), "[i]f a statute ... defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully." Section 39–08–01.2(2), N.D.C.C., does not specify a culpability level. Although N.D.C.C. § 12.1–02–02(2) requires a willful culpability if a statute is silent on culpability, "this Court has held N.D.C.C. § 12.1–02–02(2) applies only to Title 12.1, and the willful culpability level will not be read into other chapters unless the Legislature has specifically so stated." *State v. Holte*, 2001 ND 133, ¶ 8, 631 N.W.2d 595.

[¶ 33] We have held driving under the influence of alcohol, a violation of N.D.C.C. § 39–08–01, is a strict liability offense. *State v. Glass*, 2000 ND 212, ¶ 21, 620 N.W.2d 146. A violation of the criminal vehicular injury statute, N.D.C.C. § 39–08–01.2(2), requires a violation of N.D.C.C. § 39–08–01 that causes substantial bodily or serious bodily injury to another individual. *See* N.D.C.C. § 39–08–01.2(3) ("The elements of an offense under this section are the elements of an offense for a violation of section 39–08–01 and the additional elements that create an offense in each subsection of this section."). In other words, a person is guilty of criminal vehicular injury if he or she drives under the influence and causes substantial or serious bodily injury to another person. Section 39–08–01.2(2), N.D.C.C., like N.D.C.C. § 39–08–01, does not specify a culpability level, and does not require intent to injure. Montplaisir has not shown the legislature intended to apply N.D.C.C. § 12.1–02–02(2) to the criminal vehicular injury statute, section 39–08–01.2(2). Because N.D.C.C. § 39–08–01.2(2) does not specify a culpability requirement, we conclude it is a strict liability offense, and the willful culpability requirement of N.D.C.C. § 12.1–02–02(2) does not apply. The district court was not obligated to instruct the jury on culpability, a nonessential element of a strict liability offense.

## V

[¶ 34] Montplaisir argues the district court erred in denying his motion for acquittal under N.D.R.Crim.P. 29 because there was no credible evidence the victim suffered a "serious bodily injury" or "substantial bodily injury." He also argues because there was insufficient evidence, the court erred in imposing a one-year prison sentence.

## A

[¶ 35] "To grant a judgment of acquittal, the district court must find the evidence is insufficient to sustain a conviction." *Brossart*, 2015 ND 1, ¶ 33, 858 N.W.2d 275. The standard of review for claims of insufficient evidence is well established:

[W]e look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reason-

ably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. O'Toole*, 2009 ND 174, ¶ 8, 773 N.W.2d 201 (quoting *State v. Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819).

[¶ 36] "Typically, the fact-finder must decide in any given case whether the injury [is serious]." *State v. Romero*, 2013 ND 77, ¶ 20, 830 N.W.2d 586 (quoting *Black's Law Dictionary* 857 (9th ed.2009)).

[¶ 37] At trial, the State submitted evidence showing Montplaisir was driving under the influence. The victim and two doctors testified about the victim's injuries. The doctors testified the victim reported ongoing severe pain in his left leg where his worst injuries occurred. The doctors stated the victim also complained of mild neck and back pain, and his injuries were preventing him from doing some of his normal activities. The victim testified he could hardly walk after the accident because his legs and back were in a lot of pain. He testified he does physical therapy and still experiences very uncomfortable pain in his leg and back since the accident in September 2013. He showed the jury his scar on his leg and his medical records were admitted. Viewing the evidence in the light most favorable to the verdict, we conclude a rational fact finder could have found Montplaisir guilty of criminal vehicular injury.

### B

[¶ 38] Montplaisir argues the district court failed to sentence according to the discretion allowed by law by imposing a one-year prison sentence. He further argues the sentence is a manifest injustice because there was no evidence of substantial or serious bodily injury.

[¶ 39] A district court has wide discretion in sentencing. *State v. Berg*, 2015 ND 61, ¶ 12, 860 N.W.2d 829. We will not vacate a court's sentencing decision unless "the court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence." *Id.* (quoting *State v. Henes*, 2009 ND 42, ¶ 6, 763 N.W.2d 502). On appeal of a claim that a sentence is excessive or incorrect, this Court has no power to review a district court's discretion in fixing a term of imprisonment within the range authorized by statute. *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990).

[¶ 40] Under N.D.C.C. § 39–08–01.2(2), "[i]f an individual violates this subsection, the court shall impose at least one year's imprisonment." Under N.D.C.C. § 39–08–01.2(3), the sentence may be suspended if "the court finds that manifest injustice would result from the imposition of the sentence." " 'Manifest injustice' means a specific finding by the court that the imposition of sentence is unreasonably harsh or shocking to the conscience of a reasonable person, with due consideration of the totality of circumstances." N.D.C.C. § 39–01–01(40).

[¶ 41] At the sentencing hearing, the district court indicated it had considered the discretionary sentencing factors under N.D.C.C. § 12.1–32–04. Montplaisir was sentenced to imprisonment for 30 months, with 18 months suspended. He received the mandatory minimum sentence required by the criminal vehicular injury statute. Having already concluded there was sufficient evidence to support a guilty verdict, we conclude the district court did not err by imposing the mandatory mini-

mum one-year prison sentence under N.D.C.C. § 39–08–01.2(2).

## VI

[¶ 42] We have considered Montplaisir's remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is affirmed.

[¶ 43] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.