2016 ND 63

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Peggy Frederick KELLER, Defendant and Appellant.**

No. 20150132.

Supreme Court of North Dakota.

March 15, 2016,

Stephenie L. Davis, McKenzie County Assistant State's Attorney, Watford City, ND, for plaintiff and appellee.

James O. Thompson, Williston, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Keller appeals from a criminal judgment after a jury found her guilty of refusing to submit to alcohol testing in violation of N.D.C.C. § 39–08–01(2)(a). Keller argues the district court erred in failing to give her requested jury instructions. We affirm.

I

[¶ 2] Watford City Police Officer Dylan Bostic stopped Keller after her vehicle drifted within her driving lane. When Bostic approached the vehicle he smelled alcohol and observed Keller had glossy, red eyes and she admitted she had been drinking. Bostic read North Dakota's implied consent advisory to Keller and requested that she submit to a preliminary breath test. When Keller would not take the preliminary breath test, Bostic arrested her for refusal. Bostic placed Keller in his patrol car, again informed her of the North Dakota implied consent advisory and requested that she submit to a chemical test by blood draw. Bostic testified Keller told him she did not know what to do and asked him if she should get an attorney. Bostic informed Keller that he could not give legal advice and that he would consider her response to be refusal.

[¶ 3] At trial Keller asked the district court to instruct the jury that an individual accused of driving under the influence has a limited statutory right to contact an attorney before deciding whether to submit to alcohol testing. Keller requested the jury be instructed that a request to consult an attorney is a defense to the crime of refusal. Keller also asked the district court to instruct the jury that affirmative refusal is required to find guilt, and the accused does not affirmatively refuse if she requests to contact an attorney and law enforcement fails to provide an opportunity to do so. The district court refused to give Keller's requested instructions and a jury found her guilty of refusing to submit to alcohol testing in violation of N.D.C.C. § 39–08–01(2)(a). Keller appeals.

II

[¶ 4] Keller argues she was entitled to jury instructions on her right to counsel before submitting to a chemical test and requiring the jury to find she affirmatively refused the test.

" 'Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury.' *State v. Pavlicek*, 2012 ND 154, ¶ 14, 819 N.W.2d 521 (quoting *Rittenour v. Gibson*, 2003 ND 14, ¶ 15, 656 N.W.2d 691). We view the instructions as a whole to determine if they correctly and adequately inform the

jury. *Pavlicek*, at ¶ 14. 'A court errs if it refuses to instruct the jury on an issue that has been adequately raised, but the court may refuse to give an instruction that is irrelevant or inapplicable.' *Id.* (quoting *State v. Zottnick*, 2011 ND 84, ¶ 6, 796 N.W.2d 666)."

*State v. Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391.

[¶ 5] Keller requested instructing the jury on her right to counsel:

"An accused, arrested for driving under the influence, has a limited statutory right to contact an attorney before deciding whether to submit to alcohol testing."

"When an arrested person asks to consult with counsel before electing to take a chemical test he must be given the opportunity to do so out of police hearing and law enforcement must establish that such opportunity was provided."

"When law enforcement fails to allow the arrestee a reasonable opportunity to contact an attorney, a refusal to take the test under these conditions is not the affirmative refusal necessary for the crime of refusal of a chemical test."

This proposed jury instruction is an incomplete statement of the law. This Court held a qualified statutory right to consult with an attorney exists before deciding whether to submit to a chemical test in *Kuntz v. State Highway Commissioner*, 405 N.W.2d 285 (N.D.1987). In *Kuntz*, we stated "that if an arrested person asks to consult with an attorney before deciding to take a chemical test, he must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test." *Kuntz*, 405 N.W.2d 285, 290 (N.D.1987). Because the proposed jury instruction does not include a qualification that the limited right to consult with an attorney may not interfere

with testing, it is an incomplete statement of the law.

[¶ 6] Keller also requested a jury instruction on affirmative refusal of testing. The requested instruction stated:

"Withdrawing the implied consent requires an affirmative refusal to be tested. Refusal requires a conscious decision, and the statutory scheme requires communication between the law enforcement officer and the driver in which the officer requests submission to the test. Whether a driver affirmatively refused to submit to testing is a question of fact which is left solely for your determination.

"When the law enforcement officer fails to advise the driver of the criminal sanctions for refusal of a chemical test, a refusal to take the test under these conditions is not the affirmative refusal necessary."

This proposed jury instruction is an inaccurate statement of the law.

[¶ 7] Keller relies on *Grosgebauer v. North Dakota Dept. of Transp.*, 2008 ND 75, 747 N.W.2d 510 to support her position that withdrawing implied consent requires affirmative refusal to be tested. In *Grosgebauer*, we said "[f]or those able to make a conscious decision, refusal does not have to be explicitly stated; 'stubborn silence' or a 'physical failure to cooperate' may also indicate refusal." *Grosgebauer*, 2008 ND 75, ¶ 9, 747 N.W.2d 510 (citing *Mayo v. Moore*, 527 N.W.2d 257, 260 (N.D. 1995); *North Dakota Dept. of Transp. v. DuPaul*, 487 N.W.2d 593, 597 (N.D.1992)). The proposed jury instruction asks the jury to find affirmative refusal in the form of communication between the driver and the law enforcement officer, which is not required by law.

[¶ 8] Keller's requested jury instructions insufficiently address a limited

right to counsel and inaccurately require the jury to find affirmative refusal. "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *State v. McIntyre*, 488 N.W.2d 612, 614 (N.D.1992) (citing *State v. Mounts*, 484 N.W.2d 843 (N.D.1992); *State v. Marinucci*, 321 N.W.2d 462 (N.D.1982)). "A trial court can refuse to give an inapplicable or irrelevant instruction.... A court must refuse a requested instruction that misstates the applicable law." *State v. Anderson*, 480 N.W.2d 727, 730 (N.D.1992) (citation omitted). Because Keller's requested jury instructions are inadequate and inaccurate, the district court did not abuse its discretion in refusing to give them.

### III

[¶ 9]   Finding no abuse of discretion, we affirm the criminal judgment.

[¶ 10]   LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.

GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, JJ., concur in the result,