STATE of North Dakota, Plaintiff and Appellee,

v.

Todd William SADEK, Defendant and Appellant.

Criminal No. 960026.

Supreme Court of North Dakota.

July 18, 1996.

Steven D. Mottinger (argued), Fargo, for defendant and appellant.

Alan Scott Dohrmann (appearance), Asst. State's Attorney, Jennifer L. Thompson (argued), Third Year Law Student, Fargo, for plaintiff and appellee.

MARING, Justice.

Todd W. Sadek appeals from a judgment of conviction for driving under the influence of intoxicating liquor. We affirm.

Sadek was arrested for driving under the influence on August 13, 1995. Michael Mitchell, a Fargo police officer, observed Sa-dek's vehicle weaving and pulled it over. Officer Mitchell observed that Sadek smelled of alcohol and had slurred speech. Officer Mitchell had Sadek perform a series of sobriety tests, which he failed.

Officer Mitchell arrested Sadek and brought him to the Fargo Police Station, where the police asked that Sadek submit to an Intoxilyzer test. Sadek requested to speak to an attorney before taking the test. The police allowed Sadek to use a telephone in the testing room to call an attorney, and Sadek made several calls before finally finding an attorney to consult with. Officer Mitchell and another police officer remained in the testing room with Sadek while he spoke to the attorney. Ultimately, Sadek took the Intoxilyzer test, which showed he had a blood alcohol content of .14 percent by weight.

Sadek was charged with driving under the influence. Before his trial, he moved to suppress all evidence obtained after he was stopped, arguing that Officer Mitchell did not have probable cause to arrest him. The court denied Sadek's motion, and he went to trial. At trial before a court, Sadek moved to have the results of his Intoxilyzer test suppressed, arguing he was denied the opportunity to have a meaningful consultation with counsel before he took the test. The court denied Sadek's motion and, at the conclusion of the trial, found Sadek guilty of driving under the influence.

Sadek appeals, arguing his right to consult with counsel before taking the Intoxilyzer test was denied because the police officer who arrested him stood two to three feet away while Sadek was on the telephone consulting with an attorney. The record shows Officer Mitchell stood two feet away from Sadek when he talked with an attorney on the telephone. Sadek argues the Intoxilyzer test result should, therefore, have been suppressed as it was obtained in violation of his statutory right meaningfully to consult with counsel before taking a chemical test.

We held in *Kuntz v. State Highway Com'r*, 405 N.W.2d 285, 290 (N.D.1987), that an arrested person who asks to speak with

an attorney before taking a chemical test "must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test." The right to consult with an attorney before taking a chemical test is not derived from the state or federal constitutions, but from section 29–05–20, N.D.C.C. *Kuntz*, 405 N.W.2d at 289. Section 29–05–20 requires that "any attorney at law entitled to practice in the courts of record of this state, at his request, may visit [an accused] person after his arrest." The right to consult with an attorney before taking a chemical test is a "limited" right, and the arrested person's right to consult with counsel must be balanced against "the need for an accurate and timely chemical test." *Bickler v. North Dakota State Highway Com'r*, 423 N.W.2d 146, 147 (N.D.1988); *see City of Mandan v. Jewett*, 517 N.W.2d 640 (N.D.1994).

■ Under Rule 12(b), N.D.R.Crim.P., "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." When an accused person seeks "to suppress evidence on the ground that it was illegally obtained," such a motion "must be raised prior to trial." Rule 12(b)(3), N.D.R.Crim.P. Failure to raise before trial a motion to suppress evidence on the ground that it was illegally obtained operates as a waiver of the motion. *State v. Demery*, 331 N.W.2d 7, 13 (N.D.1983); *State v. Schroeder*, 524 N.W.2d 837, 839 (N.D.1994). The trial court may grant relief from the waiver "if the movant can establish 'cause' as to why relief should be granted." *State v. Neset*, 462 N.W.2d 175, 177 (N.D.1990).

Sadek made a pretrial motion to suppress evidence obtained after his arrest, arguing that Officer Mitchell did not have probable cause to arrest him. Sadek, however, did not argue pretrial that he had been deprived of his statutory right to consult with counsel prior to taking a chemical test nor did he move to suppress the results of the Intoxilyzer test. There is no indication in the record that Sadek later attempted to show "cause" why his motion to suppress should have been granted despite its untimely presentation. When an accused fails to establish "just cause" for the untimely presentation of a motion to suppress illegally obtained evidence, we will decline to consider the merits of the issue. *Schroeder*, 524 N.W.2d at 839; *State v. Raywalt*, 436 N.W.2d 234, 239 (N.D. 1989). Because Sadek did not attempt to show "just cause" for the untimely presentation of his motion to suppress the results of the Intoxilyzer test on the basis that it was illegally obtained, we will not further consider the merits of the issue.

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.