2017 ND 81

**CITY OF DICKINSON, Plaintiff
and Appellee**

v.

**Russell D. SCHANK, Defendant
and Appellant**

No. 20160254

Supreme Court of North Dakota.

Filed 4/6/2017

Christina M. Wenko, Assistant City Attorney, 38 Second Avenue East, Dickinson, ND 58601, for plaintiff and appellee.

Markus A. Powell, 513 Elks Drive, Dickinson, ND 58601, for defendant and appellant; submitted on brief.

Kapsner, Justice.

[¶ 1] Russell Schank appeals from a criminal judgment entered after entry of a conditional guilty plea to a charge of actual physical control of a motor vehicle in violation of N.D.C.C. § 39–08–01 after the district court's denial of his motion to suppress evidence. We affirm the criminal judgment, concluding the district court did not err by denying Schank's motion to suppress evidence.

I

[¶ 2] Schank was arrested for being in actual physical control of a motor vehicle in violation of N.D.C.C. § 39–08–01 on February 20, 2016. On the night of Schank's arrest, a Dickinson police officer observed a vehicle he believed was speeding, but lost sight of it after it crested a hill. The officer located the vehicle after searching the area for a short time and initiated a traffic stop. Once at the door of the vehicle, the officer recognized the driver was Russell Schank. After some conversation, the officer asked Schank to exit the vehicle because he suspected Schank had been drinking alcohol. The officer administered a preliminary breath test after giving Schank an implied consent advisory. The preliminary test showed an alcohol content over the legal limit. The officer arrested Schank for actual physical control of a motor vehicle while under the influence and transported him to the law enforcement center.

[¶ 3] At the law enforcement center, Schank requested to speak with an attorney after being given the implied consent advisory. The officer brought Schank to an office that contained a working telephone. The officer testified there was another telephone in an interview room, but did not test the phone. However, the officer testified he had "horrendous luck with the phone in the interview room." The officer provided a phone book to Schank, stood in the hallway, and left the door open. According to the officer, the door was left open for him to monitor Schank to ensure nothing was placed in his mouth. Schank attempted to close the door to the office, but the officer did not allow it. At the suppression hearing, the officer indicated if the door was closed, he would have been locked out of the office. While Schank used the telephone, the officer stood at the

doorway of the office, about six to eight feet away from Schank. In the hallway, the officer engaged in a conversation with another officer for at least part of the time Schank was inside the office. Standing in the hallway, the officer heard Schank ask the officer whether he (Schank) had taken a preliminary test. In response, the officer told Schank his preliminary test result. Schank then continued to speak on the telephone, completed his call, took the chemical test, and was allowed to post bond.

[¶ 4] Schank filed a motion to suppress evidence based upon a violation of his limited statutory right to counsel. The district court held a hearing at which only the arresting officer testified. The court entered an order denying the motion on June 22, 2016. Schank entered a conditional guilty plea, and the district court entered a criminal judgment on July 8, 2016. Schank filed a notice of appeal on July 12, 2016.

## II

[¶ 5] On appeal, Schank argues the district court erred by denying his motion to suppress evidence because the arresting officer violated his limited statutory right to counsel. The City of Dickinson ("the City") argues the district court properly denied the motion to suppress evidence because, under the totality of the circumstances, Schank was afforded a meaningful opportunity to consult with an attorney.

[¶ 6] When reviewing a district court's decision on a motion to suppress, this Court defers to the district court's findings of fact, and conflicts in testimony are resolved in favor of affirmance, as we recognize the district court is in a "superior position to assess credibility of witnesses and weigh the evidence." State v. Gasal, 2015 ND 43, ¶ 6, 859 N.W.2d 914. "This Court will affirm a district court decision regarding a motion to suppress if

there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence." City of Devils Lake v. Grove, 2008 ND 155, ¶ 7, 755 N.W.2d 485.

[¶ 7] This Court has previously outlined the jurisprudence regarding consultation with counsel prior to taking a chemical test:

> An arrested person who asks to speak with an attorney before taking a chemical test must be given a reasonable opportunity to do so if it does not materially interfere with the test administration. Kuntz v. State Highway Comm'r, 405 N.W.2d 285, 290 (N.D. 1987). The reasonableness of the opportunity objectively depends on the totality of the circumstances, rather than the subjective beliefs of the accused or police. City of Mandan v. Jewett, 517 N.W.2d 640, 642 (N.D. 1994). The accused person's right of consultation with an attorney before submitting to a chemical test is a statutory right, not a constitutional right. Kuntz at 289; see also N.D.C.C. § 29–05–20 (providing that an attorney who requests to visit with the arrested person may have such visitation). This limited right of consultation must be balanced against the need for an accurate and timely chemical test. State v. Sadek, 552 N.W.2d 71, 73 (N.D. 1996).

State v. Berger, 2001 ND 44, ¶ 17, 623 N.W.2d 25. "The appropriate inquiry is whether the police afforded [an arrestee] a reasonable opportunity to consult with counsel in a meaningful way." Jewett, 517 N.W.2d at 642. The question of whether a person has been given a reasonable opportunity to consult with an attorney is a mixed question of law and fact. Lies v. N.D. Dep't of Transp., 2008 ND 30, ¶ 9, 744 N.W.2d 783. "Mixed questions of law

and fact are reviewed under a de novo standard." Id.

[¶ 8] We have recognized "when an accused talks with counsel by telephone, the accused's right to meaningfully consult with counsel before testing can be ensured by a lesser degree of privacy than in situations involving face-to-face meetings between an accused and counsel." Jewett, 517 N.W.2d at 643. In Jewett, the defendant was arrested for driving under the influence, was advised of his Miranda rights, and was given the implied consent advisory. Id. at 640. The officer asked the defendant to submit to a chemical test. Id. The defendant asked to consult with an attorney in Fargo, which required a long-distance telephone call. Id. Because the Mandan police department lacked long-distance telephone service in the evening, the defendant was allowed to call from an outdoor pay phone near the place of arrest. Id. The arresting officers initially stood six to eight feet away from the defendant. Id. The officers moved to a distance of nine to twelve feet after a request for more privacy. Id. The officers refused to move any further away and because of lack of privacy, the defendant's attorney refused to advise him. Id. This Court held under the totality of the circumstances, the defendant was given a reasonable opportunity to consult with an attorney in a meaningful way. Id. at 643.

[¶ 9] Schank argues the facts of his case are distinguishable from Jewett. Schank notes he was inside the law enforcement center, unlike the defendant in Jewett who was outside where police could have reasonably believed him to be a flight risk. Schank argues he was restricted from having a meaningful conversation with his attorney because he was inside a building, whereas the location of the defendant in Jewett could have provided additional privacy in the form of ambient noise. There

was no evidence or testimony from which the district court could find the room was particularly quiet, or find Schank was unable to consult with his attorney because of the location. Schank contends the officer was too close because the officer answered a question Schank asked the officer while on the phone. This does not, on its own, show the officer interfered with Schank's ability to consult with an attorney. Further, in Eriksmoen v. N.D. Dep't of Transp., 2005 ND 206, ¶ 11, 706 N.W.2d 610, we noted an accused need not be provided with a private room to satisfy the limited statutory right to counsel.

[¶ 10] In determining whether a defendant was given a reasonable opportunity to consult with an attorney in a meaningful way, we do not engage in a formulaic comparison of distance between the defendant and an officer in the present case as opposed to past cases. This Court has "refused to hold a specific distance as being entirely reasonable or unreasonable." Eriksmoen, 2005 ND 206, ¶ 13, 706 N.W.2d 610. "Simply put, the linchpin for determining if police have given an accused a meaningful opportunity for contacting an attorney is reasonableness under the circumstances." Berger, 2001 ND 44, ¶ 18, 623 N.W.2d 25. Looking to the circumstances, the officer placed Schank in a vacant police office rather than an interview room. Schank was provided with a phone book and a working phone. The officer stood at the open door, between six and eight feet from Schank. The law enforcement center was in the process of moving to a new location at the time of Schank's arrest. The officer testified the office was the only room he was certain had a working phone. The officer also testified one of the interview rooms did contain a phone, he did not test it, but had bad luck with its operation in the past. Additionally, the officer testified

Schank's cell phone was left in Schank's vehicle after the arrest was made. Once in the room, the officer refused to permit Schank to close the door because it locked from the inside. Testimony in the record indicates the officer wanted to maintain visual contact with Schank to ensure nothing was placed in his mouth during the required twenty-minute period before administration of the chemical test. The officer also claimed he wanted to observe Schank for Schank's own safety.

[¶ 11] Schank also contends the officer could have given him more privacy because there was ample time to administer the twenty-minute wait period before giving the chemical test. Schank notes this Court has stated the operator need only establish "scrupulous compliance" with the approved testing method, rather than "hypertechnical" compliance, for a test to be admissible. State v. Stroh, 2011 ND 139, ¶ 9, 800 N.W.2d 276. Whether a chemical test was fairly administered is a preliminary question of admissibility left to the discretion of the district court. Id. at ¶ 6. Schank's argument implies because strict by-the-book compliance is not crucial to the admissibility of a chemical test, the officer was overzealous for keeping visual contact with Schank. The argument does not diminish the officer's "strong interest in obtaining important evidence." Eriksmoen, 2005 ND 206, ¶ 9, 706 N.W.2d 610. Instead, this interest must still be balanced against the arrestee's right to consult privately with counsel. Id.

[¶ 12] Balancing the officer's interest in obtaining important evidence against the defendant's right to consult privately with counsel, we conclude Schank was provided a reasonable opportunity to consult with an attorney under the circumstances. "[W]hen an accused talks with counsel by telephone, the accused's right to meaningfully consult with counsel before testing

can be ensured by a lesser degree of privacy than in situations involving face-to-face meetings between an accused and counsel." Jewett, 517 N.W.2d at 643. The district court noted Schank was placed in the only room known by the officer to have a working telephone; Schank was provided with a phone book; the officer kept Schank in view from the time he was arrested until the chemical test was conducted; the officer refused to close the door to ensure Schank placed nothing in his mouth for at least twenty minutes prior to administration of the test; the officer remained in the hallway at a distance of six to eight feet from Schank; and for a portion of time, the officer was engaged in conversation with another officer. These findings are supported by the testimony presented at the suppression hearing. Schank did not testify or offer any other evidence to support a conclusion the officer's presence prevented him from having a reasonable opportunity to consult with his attorney. The district court was left to assess the impact of the officer's position based only on the officer's testimony and any other evidence offered by the City. The district court is in a "superior position to assess credibility of witnesses and weigh the evidence." Gasal, 2015 ND 43, ¶ 6, 859 N.W.2d 914. The district court's decision was "not contrary to the manifest weight of the evidence." Grove, 2008 ND 155, ¶ 7, 755 N.W.2d 485. "[T]he ability to consult only has to be reasonable." Eriksmoen, 2005 ND 206, ¶ 12, 706 N.W.2d 610. Under the totality of the circumstances, Schank was afforded "a reasonable opportunity to consult with counsel in a meaningful way." Jewett, 517 N.W.2d at 642. As a result, the district court properly denied Schank's motion to suppress evidence.

### III

[¶ 13] Because the district court properly found Schank's limited statutory right to

counsel was not violated and denied Schank's motion to suppress evidence, we affirm the criminal judgment.

[¶ 14] Carol Ronning Kapsner

Daniel J. Crothers

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom, S.J.

[¶ 15] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.