# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 154

City of Jamestown,                                          Plaintiff and Appellee

v.

Carlin Dean Schultz,                                      Defendant and Appellant

No. 20190359

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice, in which Justices VandeWalle, Crothers, and McEvers joined. Justice Tufte filed a specially concurring opinion, in which Chief Justice Jensen joined. Justice McEvers filed a concurring opinion, in which Justice VandeWalle joined.

Abbagail C. Geroux, Assistant City Attorney, Jamestown, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Carlin Schultz appeals from a criminal judgment entered following his conditional guilty plea to the charge of driving under the influence.  Schultz entered a conditional guilty plea preserving his right to challenge the denial of his motion to suppress evidence.  Schultz argues he did not receive a reasonable opportunity to consult with counsel before deciding to take a chemical test and the subsequent test results should be excluded from evidence.  We affirm.

I

[¶2]   Schultz was arrested for driving under the influence and transported to the law enforcement center.  The arresting officer read Schultz the implied consent advisory.  Schultz acknowledged that he understood the request and asked to first speak to his attorney before agreeing to take the test.  Schultz was permitted to call an attorney and they spoke for about a minute before Schultz agreed to take the test.  The officer tried to administer the test on the Intoxilyzer 8000, discovered his credentials were invalid, and he could not administer the test.

[¶3]   The officer had the option to administer the test on another machine or have another officer administer the test on the original machine.  The officer explained the situation to Schultz. Schultz indicated he did not understand the situation and asked the officer for advice as to whether he should call his attorney again.  The officer testified Schultz did not make a specific request to initiate a second call to an attorney while Schultz contends he specifically asked to make a second call to his attorney. Another officer subsequently administered the test on the original machine without Schultz having a second opportunity to speak to an attorney.

[¶4]   Schultz moved to suppress the chemical test result arguing, in part, he was denied his statutory right to a reasonable opportunity to consult with counsel in a meaningful way before deciding whether to submit to chemical testing.  The district court concluded that Schultz was provided a reasonable opportunity to consult an attorney prior to deciding whether to submit to a chemical test.  The court found Schultz made an affirmative request for an attorney prior to deciding to submit to the chemical breath test, and that the arresting officer provided Schultz a reasonable opportunity to consult with his attorney.  The court further found the second request to be ambiguous, but found that regardless of whether the second request had been made or not made, Schultz had already been given a reasonable opportunity to speak with an attorney.

[¶5]   Following the denial of his motion to suppress, Schultz entered a conditional guilty plea to the charge of driving under the influence of intoxicating liquor, a class B misdemeanor, in violation of Jamestown Municipal Ordinance § 21-04-06.  Schultz's conditional plea of guilty preserved for appeal the issue of whether or not the denial of his second request to consult with an attorney deprived him of his statutory right to counsel.

II

[¶6]   The initial articulation of a driver's limited statutory right to counsel before deciding to submit to a chemical test occurred in this Court's decision in *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285 (N.D. 1987).  The State argues Schultz had been provided with a reasonable opportunity to consult with counsel in a meaningful way and, if there was a second request made by Schultz to consult with counsel, the right to counsel established in *Kuntz* had been satisfied.

[¶7]   This Court's precedent defining the limited right to attorney established by our decision in *Kuntz* is well-established:

2

> An arrested person who asks to speak with an attorney before taking a chemical test must be given a reasonable opportunity to do so if it does not materially interfere with the test administration. *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 290 (N.D. 1987). The reasonableness of the opportunity objectively depends on the totality of the circumstances, rather than the subjective beliefs of the accused or police. *City of Mandan v. Jewett*, 517 N.W.2d 640, 642 (N.D. 1994). The accused person's right of consultation with an attorney before submitting to a chemical test is a statutory right, not a constitutional right. *Kuntz[,]* at 289; *see also* N.D.C.C. § 29-05-20 (providing that an attorney who requests to visit with the arrested person may have such visitation). This limited right of consultation must be balanced against the need for an accurate and timely chemical test. *State v. Sadek*, 552 N.W.2d 71, 73 (N.D. 1996).

*State v. Ruden,* 2017 ND 185, ¶ 14, 900 N.W.2d 58 (quoting *Schank*, 2017 ND 81, ¶ 7, 892 N.W.2d 593). "The appropriate inquiry is whether the police afforded [an arrestee] a reasonable opportunity to consult with counsel in a meaningful way." *Id.* "This Court also has held that when an arrestee's statutory right to consult with counsel before submitting to a chemical test has been infringed or denied, the appropriate remedy in a criminal case is suppression of the chemical test results." *State v. Lee*, 2012 ND 97, ¶ 11, 816 N.W.2d 782 (citing *In re R.P.*, 2008 ND 39, ¶ 11, 745 N.W.2d 642).

[¶8] The district court concluded that Schultz was provided a reasonable opportunity to consult an attorney prior to deciding whether to submit to a chemical test and Schultz had no right to a second opportunity. "Determining whether a person was given a reasonable opportunity to speak with an attorney is a mixed question of law and fact that is subject to a de novo standard of review." *City of Gwinner v. Vincent*, 2017 ND 82, ¶ 10, 892 N.W.2d 598 (citing *Lies v. Dir., N.D. DOT*, 2008 ND 30, ¶ 9, 744 N.W.2d 783). "There are no bright line rules for determining whether a 'reasonable opportunity' to consult with an attorney has been afforded; rather, the determination of whether a reasonable opportunity has been provided turns on an objective review of the totality of the circumstances." *Id.*

[¶9]   Schultz was provided with an opportunity to consult with an attorney. After consulting with an attorney, Schultz made a decision to take the chemical test.  In *Kuntz*, a majority of this Court recognized "that if an arrested person asks to consult with an attorney before deciding to take a chemical test, he must be given a reasonable opportunity to do so if it does not materially interfere with the administration of the test."  *Kuntz*, 405 N.W.2d at 290. Schultz consulted with an attorney, made a decision regarding the requested testing, and his limited right to consult with an attorney prior to taking the test as established in *Kuntz* had been satisfied.

## III

[¶10] Schultz was provided with an opportunity to consult with an attorney before he decided whether to submit to chemical testing.  Schultz was not required to be provided with a second chance to consult with an attorney subsequent to making a decision to take the chemical test.  The judgment of the district court is affirmed.

[¶11]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Gerald W. VandeWalle

**Tufte, Justice, concurring specially.**

[¶12] Once again, the Court is asked to expand on the "statutory right" of a person arrested for DUI to call an attorney before taking a chemical test that a majority of this Court first described in *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285, 287 (N.D. 1987).  The Court has properly rejected that request, and I concur in the result.

[¶13] I write separately because I maintain that this "statutory right," a strained but possible interpretation of N.D.C.C. § 29-05-20 when *Kuntz* was decided, cannot be reconciled with the statute as it is now codified. *Jesser v. N.D. Dep't of Transp.*, 2019 ND 287, ¶¶ 19-22, 936 N.W.2d 102 (Tufte, J., concurring specially). This Court appropriately gives significant weight under

4

principles of stare decisis to its previous decisions interpreting statutes. When the statute has changed in material respects, however, the Court is required to apply the amended law as written. The Court's interpretation of the previous statute may provide little or no guidance. Whether or not the parties and the district court have identified all applicable law, we retain authority to identify and apply the correct law. *See D.G.L. Trading Corp. v. Reis*, 2007 ND 88, ¶ 7, 732 N.W.2d 393. As presently codified, section 29-05-20, N.D.C.C., plainly grants an "attorney at law," "at the attorney's request," the right to "visit such person [the "accused"] after that person's arrest." If the accused has a right to call an attorney when deciding whether to take a chemical test, it is nowhere to be found in section 29-05-20, N.D.C.C. Here, we do not know with certainty who changed this section or under what authority it was changed, but we do have a statutory presumption that "[t]he law as published must be presumed valid until determined otherwise by an appropriate court." N.D.C.C. § 1-02-06.1. I have previously explained why the pronouns that have been changed are material because the result in *Kuntz* turned on the interpretation of those pronouns. *Jesser*, 2019 ND 287, ¶¶ 20-21, 936 N.W.2d 102 (Tufte, J., concurring specially). They are only immaterial if they are not in fact valid law. In this case, the City did not question whether the statute as now codified provides a "statutory right" to counsel prior to submitting to testing, and the majority opinion properly refrains from addressing an issue not raised by the parties.

[¶14] I acknowledge that if time and other circumstances permit, an officer may allow a driver to consult with an attorney one or more times in the interest of obtaining informed consent to a chemical test. But I would conclude that Schultz had no right to call an attorney a second time because, properly interpreted, both the first and second calls were a matter of officer discretion and not of statutory right under N.D.C.C. § 29-05-20.

[¶15] Jerod E. Tufte
        Jon J. Jensen, C.J.

5

**McEvers, Justice, concurring.**

[¶16] I agree with and have signed with the majority.  I write separately to address Justice Tufte's special concurrence.   Justice Tufte is correct the language of N.D.C.C. § 29-05-20 has changed since this Court's interpretation in *Kuntz v. State Highway Comm'r*, 405 N.W.2d 285 (N.D. 1987).  Justice Tufte suggests the changes have been made to remove ambiguity.  *Jesser v. N.D. Dep't of Transp.*, 2019 ND 287, ¶ 21, 936 N.W.2d 102 (Tufte, Justice, concurring specially).  Justice Tufte notes:

> We do not lightly revisit settled issues of statutory interpretation because the Legislative Assembly has ample opportunity to correct our work if it does not comport with its intended meaning. Here, it appears the Legislative Assembly may have tried to correct our work, but without effect.

*Id*. at ¶ 22 (citation omitted).  I respectfully disagree we should assume any intent by the legislature to "remove ambiguity," or "correct our work," because there is no record the Legislative Assembly had a role in the change to the statute.

[¶17]  In 2003, N.D.C.C. § 29-05-20 read as follows: "The accused in all cases must be taken before a magistrate without unnecessary delay, and any attorney at law entitled to practice in the courts of record of this state, at *his* request, may visit such person after *his arrest*." (Emphasis added.)  In 2005, N.D.C.C. § 29-05-20 was revised to read: "The accused in all cases must be taken before a magistrate without unnecessary delay, and any attorney at law entitled to practice in the courts of record of this state, at *the attorney's* request, may visit such person after *that person's arrest*." (Emphasis added.)

[¶18] If the Legislative Assembly had intended to correct this Court's interpretation of N.D.C.C. § 29-05-20 it would have done so in the form of a bill to amend and reenact the statute.   Even when a statute is amended for a technical correction, this type of change is generally made as sections of law are amended for other purposes.  *See H.B. 1045*, 56th N.D. Legis. Sess. (1999), stating:

Section 29-12-05 of the North Dakota Century Code is amended and reenacted as follows:

29-12-05. Bench warrant, misdemeanor, infraction, or bailable felony. If an offense is a misdemeanor, an infraction, or a bailable felony, the bench warrant issued must be in a form similar to form ~~10~~ 12 as contained in the appendix to the North Dakota Rules of Criminal Procedure, but must add to the body thereof a direction to the following effect, "or if ~~he~~ the person requires it, that you take ~~him~~ the person before any magistrate of that county or in the county in which you arrest ~~him~~ the person, that ~~he~~ the person may give bail to answer the information (or indictment)".

[¶19] There is no explanation from the Legislative Assembly why the statute was revised. Presumably it was changed by the Code Revisor. *See* N.D.C.C. § 46-03-10 (allowing legislative council to "make such corrections in orthography, grammatical construction, and punctuation of the same as in its judgment are proper"). However, the Code Revisor is not authorized to change the meaning of the law.

[¶20] I agree with Justice Tufte this Court should give significant weight under the principle of *stare decisis* to its previous decisions interpreting statutes. Tufte, Justice, concurring specially at ¶ 13. However, I cannot agree the changes to the statute are material, when we have no idea why the statute was revised. This Court has consistently applied the holding in *Kuntz* since the statute was revised in 2005, with no action by the Legislative Assembly. *Neutman v. N.D. Dep't*, 2019 ND 288, 935 N.W.2d 788; *Jesser v. N.D. Dep't of Transp.*, 2019 ND 287, 936 N.W.2d 102; *City of Bismarck v. King*, 2019 ND 74, 924 N.W.2d 137; *State v. Von Ruden*, 2017 ND 185, 900 N.W.2d 58; *City of Dickinson v. Schank*, 2017 ND 81, 892 N.W.2d 593; *Koehly v. Levi*, 2016 ND 202, 886 N.W.2d 689; *Cudmore v. N.D. Dep't of Transp.*, 2016 ND 64, 877 N.W.2d 52; *State v. Keller*, 2016 ND 63, 876 N.W.2d 724; *Washburn v. Levi*, 2015 ND 299, 872 N.W.2d 605; *Schlittenhart v. N.D. Dep't of Transp.*, 2015 ND 179, 865 N.W.2d 825; *Herrman v. N.D. Dep't of Transp.*, 2014 ND 129, 847 N.W.2d 768; *Gardner v. N.D. Dep't of Transp.*, 2012 ND 223, 822 N.W.2d 55; *Bell v. N.D. Dep't of Transp.*, 2012 ND 102, 816 N.W.2d 786; *Kasowski v. N.D. Dep't of Transp.*, 2011 ND 92, 797 N.W.2d 40; *Interest of R.P.*, 2008 ND 39, 745

N.W.2d 642; *Lies v. N.D. Dep't of Transp.*, 2008 ND 30, 744 N.W.2d 783; *State v. Pace*, 2006 ND 98, 713 N.W.2d 535; *Eriksmoen v. N.D. Dep't of Transp.*, 2005 ND 206, 706 N.W.2d 610.

[¶21] As this Court noted in *Olson v. Job Serv. N.D.*, 2013 ND 24, ¶ 50, 827 N.W.2d 36 (Sandstrom, Justice, dissenting):

> The legislature is presumed to know how the courts have interpreted a statute. *See Lamb v. State Bd. of Law Examiners*, 2010 ND 11, ¶ 10, 777 N.W.2d 343 ("'Where courts of this State have construed [a] statute and such construction is supported by the long acquiescence on the part of the legislative assembly and by the failure of the assembly to amend the law, it will be presumed that such interpretation of the statute is in accordance with legislative intent.'") (quoting *City of Bismarck v. Uhden*, 513 N.W.2d 373, 376 (N.D. 1994)).

[¶22] The Legislative Assembly has had over thirty years to "remove ambiguity or correct" this Court's interpretation of N.D.C.C. § 29-05-20 in *Kuntz* if they disagreed, and another fifteen years since the statute was mysteriously revised. Its silence speaks volumes.

[¶23] Lisa Fair McEvers
      Gerald W. VandeWalle