# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 37

Lawrence Ryan Weber,            Petitioner and Appellant

      v.

Ronald Henke, Director of the
North Dakota Department of Transportation,      Respondent and Appellee

## No. 20230354

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Thomas F. Murtha IV, Dickinson, ND, for petitioner and appellant.

Michael T. Pitcher, Bismarck, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1] Lawrence Weber appeals from a North Dakota Department of Transportation hearing officer's decision to suspend his driving privileges for 180 days and a district court's memorandum opinion affirming the hearing officer's decision, order for judgment and judgment dismissing the appeal. Weber argues the hearing officer and the district court erred because he was not provided with a reasonable opportunity to contact an attorney, which denies the North Dakota Department of Transportation authority to revoke his driving privileges. The judgment of the district court is affirmed.

I

[¶2] The relevant facts in this case are undisputed. On February 26, 2023, police stopped a vehicle driven by Weber. Weber took an onsite screening test, resulting in a reading of .152 percent blood alcohol content. Police arrested Weber for driving under the influence. The Department hearing officer made the following findings regarding the issue on appeal, which Weber does not challenge:

> "Officer Pickstock placed Mr. Weber under arrest for driving while under the influence. Officer Pickstock read the Miranda warnings and then the implied consent advisory for a chemical test. Mr. Weber responds, 'take the test again?' [w]hen Officer Pickstock asks for a chemical test. Officer Pickstock clarifies that he is seeking a chemical breath test. Mr. Weber responds that he is using his fifth amendment from this point on. He also stated that he was not going to answer any more questions. After transport to the LEC, Mr. Weber states twice that he will take the test, but as Officer Pickstock does not hear him say he will take the test because Mr. Weber will not respond in a yes or no format, Mr. Weber requests an attorney multiple times. Officer Pickstock transports Mr. Weber inside to an interview room and makes so Mr. Weber can access his phone. Officer Pickstock tells Mr. Weber he can make calls to his attorney and moves back to the doorway

to give him space. Mr. Weber makes one phone call, asking the individual called if they will 'call Gary'[.] The individual responds that Gary is not going to do anything, so they are not going to call. They further tell Mr. Weber to remain silent. Once the call ends Mr. Weber tosses his phone away from him on to the table and sits back in the chair, he was sitting in. Officer Pickstock then requests a chemical test again. Mr. Weber responds 'I am not saying shit. I already took your one test.' When Officer Pickstock attempts to clarify if he is refusing Mr. Weber responds 'I am giving you a zero answer. I gave you one test already, so that's the test you got.' Mr. Weber makes two additional references to an attorney, stating that he is waiting for his attorney now because he had already been placed under arrest. Mr. Weber did not reach for his phone to make additional calls or ask for additional time to make additional calls to his attorney. Mr. Weber did not attempt to make a call to an attorney, did not ask for additional information regarding attorneys nor did he ask for additional time to call an attorney after making a phone call. For the rest of the interaction every time Officer Pickstock mentions that he is considering the test refused Mr. Weber responds 'I am not refusing to take a test, I am using my fifth amendment rights because you already placed me under arrest' or very similar statements. Mr. Weber does not agree to take a test, does not refuse to take the test and does not request to take a test when he is informed that Officer Pickstock considers his response a refusal."

[¶3]   The hearing officer found Weber refused to take a chemical breath test. The hearing officer found Weber had a reasonable opportunity to call an attorney, but instead called an individual to call his attorney. The hearing officer suspended Weber's driving privileges for 180 days. Weber appealed to the district court, which affirmed the hearing officer's findings and decision. Weber timely appealed.

II

[¶4]   Weber argues the hearing officer and the district court erred because he was not provided with a reasonable opportunity to contact an attorney, denying the Department's authority to revoke his driving privileges.

2

[¶5]   This Court must affirm an agency's decision unless:

> "1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
> 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28-32-46.

[¶6]   When this Court reviews an agency's factual findings: "Great deference is afforded to the agency's factual determinations." *LeClair v. Sorel*, 2018 ND 255, ¶ 6, 920 N.W.2d 306. "We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Id*. "The question of whether a person has been afforded a reasonable opportunity to speak with a lawyer is a mixed question of law and fact." *Maisey v. North Dakota Dep't of Transp.*, 2009 ND 191, ¶ 14, 775 N.W.2d 200. "This Court determines whether a person has been afforded a reasonable opportunity to speak with a lawyer by conducting an objective review of the totality of the circumstances." *Id*.

[¶7]   This Court has interpreted North Dakota law as recognizing that a motor vehicle operator arrested for driving under the influence or being in actual physical control has a limited statutory right to consult with counsel. N.D.C.C. § 29-05-20 ("The accused in all cases must be taken before a magistrate without

unnecessary delay, and any attorney at law entitled to practice in the courts of record of this state, at the request of the attorney or the accused, may visit the accused after the accused's arrest."); *City of Jamestown v. Schultz*, 2020 ND 154, ¶ 7, 946 N.W.2d 740 (applying the predecessor statute to provide a right to consult with counsel). After he was arrested, Weber stated he wanted to talk with his attorney. The officer allowed Weber to use his phone to call his attorney. Weber called an individual identified in the hearing transcript as his mother. Weber's mother told him that the attorney would not be able to help him and that she will not call the attorney. Weber tossed his phone aside and did not attempt to call anyone else. From this the hearing officer concluded, "Mr. Weber was given a reasonable opportunity to call an attorney."

[¶8]   Weber argues his situation is like *Baillie* because he alleges the officer did not allow him a reasonable opportunity to contact an attorney. In *Baillie v. Moore*, a driver told an officer he would not submit to a chemical test without consulting an attorney, which the officer considered as a refusal to take the test. 522 N.W.2d 748, 749 (N.D. 1994). This Court held the driver's rights were violated because his request to contact an attorney was interpreted to be a refusal to take the chemical breath test. *Id.* at 750-51.

[¶9]   The Department argues the facts in this case are more like *Maisey*, where a driver requested to speak to a specific attorney and called his wife for the attorney's phone number, but she was unable to obtain the attorney's phone number. 2009 ND 191, ¶ 15. The police chief gave the driver the attorney's number, whom the driver called and left a message. *Id.* The attorney did not call back and the driver refused testing while waiting for the call that never came. *Id.* This Court held the driver's right to counsel was satisfied because he had a reasonable opportunity to consult an attorney when law enforcement provided the attorney's phone number and a message was left. *Id.* at ¶ 18; *see also Ehrlich v. Backes,* 477 N.W.2d 211, 212, 214 (N.D. 1991) (right to contact lawyer satisfied when driver was provided with a telephone and city directory).

[¶10] We agree with the Department that the present facts are more similar to *Maisey* than *Baillie*. The officer allowed Weber to use his phone to call an

4

attorney, where in *Baillie* the officer did not allow the driver to call an attorney. 522 N.W.2d at 749. Like in *Maisey*, Weber was provided a reasonable opportunity but mishandled it by relying on his mother to call his attorney. After she refused to help him, he made no further efforts to contact an attorney. On these facts, a reasoning mind could reasonably find Weber attempted to contact a specific attorney, was unable to contact him, and effectively gave up the search for an attorney. The hearing officer also could reasonably conclude Weber was not denied his limited statutory right to counsel.

## III

[¶11] The hearing officer's findings are supported by a preponderance of the evidence, and her conclusion Weber was not deprived of his right to consult counsel was in accordance with the law. The judgment of the district court is affirmed.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr